UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Laura H.W. Chung, )
)
Plaintiff, ) CIVIL ACTION NO. 05 11258 WGY
)
vs. ) MAGISTRATE JUDGE RBC
)
ZS Associates, Inc. )
Arun Shastri, )
)
Defendants. )

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Jurisdiction

1. Jurisdiction of Count I is conferred by 28 U.S.C. 1331, as these Counts arise under the laws of the United States.

2. Jurisdiction of Count II-IV is further conferred by pendent and/or supplemental jurisdiction pursuant to 28 U.S.C. 1367.

Parties

3. The Plaintiff, Laura H.W. Chung ("Chung"), is a citizen of the Commonwealth of Massachusetts, Middlesex County.

4. The Defendant, ZS Associates, Inc. ("ZS Associates"), is an Illinois for-profit corporation, with a principal place of business in Evanston, Illinois.

5. The Defendant, Arun Shastri ("Shastri"), is a citizen of the Commonwealth of Massachusetts.

1

## Factual Allegations

6. In or around September, 2004 Chung commenced employment with ZS Associates as a Consultant in its Boston offices.

7. ZS is a global management consulting company with approximately 600 employees, headquartered in Evanston, IL.

8. At all times during Chung's employment, Shastri was/is a Principal at ZS Associates and the head of the Boston offices.

9. At all times during Chung's employment with ZS Associates all management level employees in the Boston offices, with the exception of Chung, were male.

10. Throughout ZS Associates' corporate operations, females are grossly under-represented in senior and management level positions.

11. Throughout her employment with ZS Associates, Chung was subject to disparate treatment as compared to her male colleagues in the Boston offices.

12. On several occasions Chung was criticized by Shastri for being overly "aggressive", "critical" or "negative."

13. Male employees, on the other hand, were praised for the same or similar conduct by Shastri for "keeping us on our toes" or as having "good ideas", and/or words to that effect.

14. On another occasion Shastri described a female who had been offered a position by ZS Associates in the Boston office as "aggressive", "not warm" and "overbearing." Shastri asked Chung to "make sure" she did not accept the offer, which she later declined.

15. On several occasions Shastri made negative comments concerning a female analyst who had recently returned to work after a maternity leave.

16. On at least one occasion, Shastri remarked to Chung that the Analyst should simply resign because her husband was an attorney and she therefore did not need to work.

17. Shastri additionally described this female employee as "abrasive" and "negative" and not suited to consulting because she had a child.

18. Shastri assigned this female employee to work under Chung's supervision and instructed Chung to "test" the Analyst, stating that this was her "last chance." Shastri later became infuriated at Chung when she informed him that the Analyst was performing well.

19. On several occasions Shastri yelled at, berated, and otherwise attempted to humiliate Chung. Shastri did not treat his male employees in this manner.

20. On several occasions Shastri criticized and/or disciplined Chung for alleged conduct whereas male employees were not so treated for the same or similar conduct.

21. On one occasion in particular Shastri berated and otherwise disciplined Chung concerning an email a male colleague and Chung had sent out to the Boston office. At the time, Shastri was fully aware that the email was the result of a decision made by the more senior male colleague, yet the male colleague received no adverse treatment whatsoever.

22. On several occasions Shastri rejected suggestions made by Chung during meetings, but moments later agreed to the very same suggestions made by male colleagues.

23. On other occasions Shastri instructed Chung to engage in work better suited for an administrative assistant. This included note taking during meetings, arranging the details of a corporate retreat, and even setting up and figuring out how to use the new office coffee machine.

24. Shastri additionally had far fewer project-based interactions with Chung than with her male colleagues.

25. Shastri would constantly discuss his personal life and relationship with his wife with Chung. Upon information and belief Shastri did not engage in this conduct with male ZS Associates employees.

26. On another occasion, Shastri assigned Chung to work on a less desirable project with a client company with a female client contact. Shastri stated to Chung that he was assigning her to the project because she could "relate" to the female executive contact whom he described as a "sweet lady."

27. On or about February 22, 2005 Chung was called into a meeting with Shastri and Julie Billingsley, Corporate Human Resources Director, whereupon her employment with ZS Associates was involuntarily terminated.

28. During the meeting, Billingsley stated to Chung that she was being terminated because she was not "working out", that she was not "getting along" with Shastri, that all of the Managers in the Boston offices wanted her terminated, and that she was a negative influence in the office.

29. These stated reasons were all false and pretexts for unlawful employment discrimination.

30. During this meeting, Billingsley stated to Chung that there were no problems whatsoever with the quality of her work.

31. Throughout her employment at ZS Associates, Chung met and/or exceeded the legitimate performance expectations for her position, receiving positive feedback concerning her work from managers, peers and clients.

32. At the time of her involuntary termination, Chung's annual compensation was approximately $144,000, excluding benefits.

33. At all times during Chung's employment with ZS Associates, Shastri was a

managerial/supervisory employee.

34. On or about March 2, 2005 Chung filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the United States Equal Opportunity Commission ("EEOC") against ZS Associates and Shastri concerning the above acts of discrimination.

35. Subsequent to ZS Associates receiving Chung's MCAD/EEOC Charge, she received a letter dated March 24, 2005 from Billingsley stating that ZS Associates was curtailing her severance pay and demanding the return of her signing bonus.

36. ZS Associates has, in fact, discontinued Chung's severance payments.

37. The stated reasons for these actions, violations of company policy, were false and a pretext for unlawful retaliation for the filing of Chung's MCAD/EEOC Charge.

38. The above acts of ZS Associates and Shastri have caused Chung to suffer lost income, lost income earning capacity, personal injury including severe emotional distress, and to otherwise be damaged.

COUNT I
Title VII of the 1964 Civil Rights Act, as Amended
42 U.S.C. 2000e, et seq.
Chung v. ZS Associates

39. The above described acts of discrimination against Chung on the basis of sex had the purpose or effect of injuring her in the terms and conditions of her employment.

40. The above described acts of discrimination had the purpose or effect of unreasonably interfering with Chung's work performance or creating an intimidating, hostile, or offensive working environment.

41. Chung was additionally subject to retaliation for opposing unlawful discrimination and/or for otherwise asserting rights under this section.

42. Defendant's stated conduct was willful, malicious, in bad faith, outrageous, and/or extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Laura H.W. Chung, demands judgment against ZS Associates in an amount reasonably calculated to adequately compensate her for her injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

## COUNT II
Mass.G.L. c. 151B
Discrimination and Harassment
Chung v. all Defendants

43. The Plaintiff adopts by reference all above allegations, and further alleges:

44. All conditions precedent regarding this Count have been complied with.

45. The above described acts of discrimination against Chung on the basis of sex had the purpose or effect of injuring Chung in the terms and conditions of her employment.

46. The above described acts of discrimination had the purpose or effect of unreasonably interfering with Chung's work performance or creating an intimidating, hostile, or offensive working environment.

47. Defendant's stated conduct was willful, malicious, in bad faith, outrageous, and/or extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Laura H.W. Chung, demands judgment against all Defendants in an amount reasonably calculated to adequately compensate her for her injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs

COUNT III
Mass.G.L. c. 151B
Retaliation
Chung v. ZS Associates

48. The Plaintiff adopts by reference all above allegations, and further alleges:

49. All conditions precedent regarding this Count have been complied with.

50. In addition to the above-described discrimination, Chung was subject to retaliation for opposing unlawful discrimination and/or for otherwise asserting rights under this section.

51. Defendant's stated conduct was willful, malicious, in bad faith, outrageous, and/or extraordinary, thereby giving rise to an award of punitive damages.

WHEREFORE, the Plaintiff, Laura H.W. Chung, demands judgment against all ZS Associates in an amount reasonably calculated to adequately compensate her for her injuries, together with punitive damages, interest, reasonable attorney's fees, and the costs of this action.

## COUNT IV
### Intentional Interference with a Contract
### Chung v. Shastri

52. The Plaintiff adopts by reference all allegations herein, and further alleges:

53. Through his above stated actions, Shastri knowingly and intentionally induced ZS Associates to break or alter its at-will employment contract with Chung, and a breaking or altering of said contract by ZS Associates in fact occurred, causing Chung to lose contractual rights, including her employment.

54. The above said acts of Shastri were wrongful or improper in their ways and/or means because said acts were made without any rational basis, in bad faith, with malice, with a discriminatory animus, and were otherwise improper.

WHEREFORE, the Plaintiff, Laura H.W. Chung, demands judgment against Shastri in an amount reasonably calculated to adequately compensate her for her injuries, together with interest, and the costs of this action.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
Laura H.W. Chung
By her attorney,

_____
Paul F. Wood, BBO No. 565195
Law Office of Paul F. Wood, P.C.
45 Bowdoin Street
Boston, MA 02114
(617) 532-2666

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Laura H.W. Chung

### DEFENDANTS
ZS Associates, Inc.,
Arun Shastri

(b) County of Residence of First Listed Plaintiff  **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Paul F. Wood, Law Office of Paul F. Wood, PC, 45 Bowdoin Street, Boston, MA 02114 (617) 532-2666

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000e, et seq

Brief description of cause:
Discrimination and retaliation in employment/gender

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
06/16/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Laura H.W. Chung v. ZS Associates, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
    - [✓] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
         315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
         380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

    05-11258-WGY (stamp)

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [✓]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [ ]   NO [✓]

    A. If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [✓]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Paul F. Wood, Law Office of Paul F. Wood, PC__
ADDRESS __45 Bowdoin Street, Boston, MA 02114__
TELEPHONE NO. __(617) 532-2666__

(CategoryForm.wpd - 5/2/05)